IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDUARDO L. GALIANA,
    Petitioner,

vs.                              Case No.: 5:11cv255/MMP/EMT

IMMIGRATION AND CUSTOM ENFORCEMENT,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 4).  Respondent United States Immigration and Customs Enforcement ("ICE") filed a response (doc. 9).  Petitioner was provided an opportunity to file a reply (doc. 10), but he has not done so.

       This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be denied.

I.      BACKGROUND

       Petitioner states he is in custody of the Florida Department of Corrections ("FDOC") at Apalachee Correctional Institution (*see* doc. 1 at 1; doc. 4 at 4–5).[1]  He asserts that in 2002, ICE placed a detainer against him (doc. 4 at 4–5; doc. 9 at 2).  The detainer requests that, prior to releasing Petitioner from incarceration, the FDOC detain him "for a period not to exceed 48 hours"

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

to provide adequate time for ICE to take him into custody (*see* doc. 9, Ex. 1).  The detainer also requests that the FDOC notify ICE at least thirty (30) days prior to Petitioner's release, or as far in advance as possible (*id.*).  *See* 8 C.F.R. § 287.7.  In 2008, a final removal order issued, ordering Petitioner removed from the United States (doc. 4 at 3).

Petitioner raises due process and equal protection challenges to the ICE detainer (doc. 4 at 3–4).  He contends the detainer is precluding him from obtaining minimum or community custody status and rendering him unqualified for early release programs and work release (*id.* at 5).  Petitioner expressly states he is not challenging the removal order; rather he is challenging his exclusion from certain prison programs and early release on due process and equal protection grounds (*id.*).  He additionally appears to challenge his future ICE detention on the ground that he will not be immediately removable upon his release from the FDOC, because he is Cuban, and Cuba does not have an "immigration/deportation agreement" with the United States (*id.* at 3–5).

Respondent contends the ICE detainer does not confer federal habeas corpus jurisdiction; therefore, the amended petition should be dismissed (doc. 9 at 4–7).  As to the substance of Petitioner's due process and equal protection claims, Respondent contends he has failed to state a constitutional violation (*id.* at 6 n.5).  Respondent additionally argues the court lacks jurisdiction to review Petitioner's claim regarding the likelihood of his removal to Cuba, because the claim is not ripe (*id.* at 7–9).

II.     JURISDICTION TO CONSIDER CONSTITUTIONAL CLAIMS UNDER § 2241

Because a writ of habeas corpus functions to grant relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner.  *See* 28 U.S.C. § 2241(c) ("the writ of habeas corpus shall not extent to a prisoner unless . . . (1) [h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof.").  It is well settled in the Eleventh Circuit that the placement of an ICE detainer, alone, does not cause a petitioner to come within ICE's custody for purposes of § 2241.  *See* Orozco v. I.N.S., 911 F.2d 539, 541 (11th Cir. 1990).  However, the Eleventh Circuit has not determined whether the placement of a detainer coupled with the existence of a removal order constitutes ICE "custody" for habeas purposes.  Further, there is a split of authority on this issue in other federal courts.  *Compare* Richards v. Holder, 2011 WL 1302263, at *2 (D. Minn. Apr. 6, 2011)

(rejecting state inmate's argument that he was in federal custody at the time he filed his § 2241 petition because he was subject to a federal immigration detainer and final order of removal); *with* Kumarasamy v. Attorney Gen. of U.S., 453 F.3d 169, 172–73 (3d Cir. 2006) (individual does not have to be in ICE's physical custody to satisfy "in custody" requirement; rather "in custody" requirement is satisfied when individual is subject to final order of removal; however, individual who has already been removed from United States at time he files habeas petition does not meet custody requirement); *and* Simmonds v. I.N.S., 326 F.3d 351, 354 (2d Cir. 2003) (alien in state prison challenging final removal order was in "constructive custody" for purpose of allowing habeas review of subsequent immigration detention), *and* Garcia-Echaverria v. U.S., 376 F.3d 507, 511 (6th Cir. 2004) (federal prisoner was in I.N.S. custody when he filed habeas petition challenging constitutionality of confinement, where final order of removal was in place); *and* Aguilera v. Kirkpatrick, 241 F.3d 1286, 1291 (10th Cir. 2001) (even though alien habeas petitioners were not being "detained," they were "in custody" for habeas purposes because they were subject to final deportation orders), *and* Mustata v. U.S. Dep't of Justice, 179 F.3d 1017, 1021 n.4 (6th Cir. 1999) (final deportation order places alien petitioner constructively "in custody" because of "the specialized meaning those words have in the context of an immigration-related habeas petition"), *and* Nakaranurack v. United States, 68 F.3d 290, 293 (9th Cir. 1995) (so long as alien petitioner is subject to a final order of deportation, he is deemed to be "in custody" for purposes of the Immigration and Nationality Act, and therefore may petition a district court for habeas review of the final deportation order); *and* Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) (I.N.S. detainer plus final order of deportation rendered alien "in custody" of I.N.S. for purposes of habeas review, where alien challenged final deportation order).

      The undersigned concludes that the ICE detainer coupled with the final removal order renders Petitioner in the custody of ICE for purposes of § 2241(c), despite the fact that he is not in ICE's physical custody. Therefore, the court has jurisdiction to review Petitioner's claims.

III.    CONSTITUTIONAL CHALLENGES TO DETAINER

      Petitioner contends the ICE detainer is precluding him from obtaining minimum or community custody status and rendering him unqualified for early release programs and work release, in violation of his due process and equal protection rights. Respondent contends Petitioner's

due process and equal protection challenges to the effects of the ICE detainer are without merit (doc. 9 at 6–7 n.5).

Courts have held that changes in custody status, classification levels, or even certain privileges are generally not atypical deprivations which implicate a constitutionally protected liberty interest for due process purposes. *See* Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274, 279 n.9, 50 L. Ed. 2d 236 (1976) (noting generally that prison transfers and changes in classification status do not require due process protections); Murdoch v. Washington, 193 F.3d 510, 513 (7th Cir. 1999) (inmates have no protected liberty interest in attending rehabilitation program); Wishon v. Gammon, 978 F.2 d446, 450 (8th Cir. 1992) (inmates have no constitutional right to educational or vocational opportunities); Canterino v. Wilson, 869 F.2d 948, 952–54 (6th Cir. 1989) (inmates have no constitutionally protected liberty interest in study and work-release programs or custody classification); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (inmates have no federal right to particular inmate classification or eligibility for rehabilitative programs); Pugliese v. Nelson, 617 F.2d 916, 923 (2d Cir. 1980) (same); Marchesani v. McCune, 531 F.2d 459 (10th Cir. 1976) (inmates have no protected liberty interest in particular custodial classification, even if classification affects eligibility for preferred job assignments, transfers to less restrictive institutions, social furloughs, or early parole); *see also, e.g.*, Borrero v. Wells, No. CV 309-096, 2010 WL 3292696, at *2 (S.D. Ga. May 25, 2010), *Report and Recommendation Adopted by* 2010 WL 3292694 (N.D. Ga. Apr. 12, 2010) (inmates have no federal constitutional right to participate in rehabilitative programs, including home detention) (unpublished) (citations omitted); Banks v. Ellis, No. 3:09cv425/WS/EMT, 2010 WL 1459742, at *3 (N.D. Fla. Mar. 12, 2010), *Report and Recommendation Adopted by* 2010 WL 1459770 (N.D. Fla. Apr. 12, 2010) (plaintiff failed to allege facts showing that placement on "heightened security status" imposed significant hardship on him in relation to ordinary incidents of prison life prior to such placement; therefore, he failed to show he had constitutionally protected liberty interest in remaining on former custody status) (unpublished); Powell v. Ellis, No. 3:07cv160/MCR/EMT, 2007 WL 2669432, at *4 (N.D. Fla. Sept. 7, 2007) (holding that prisoner had no liberty interest in particular job assignment or custody classification) (unpublished).

In the instant case, Petitioner failed to allege facts showing that the ICE detainer imposes a significant or atypical hardship on him in relation to ordinary incidents of prison life. Therefore, he has failed to show a due process violation.

Additionally, a penal institution's use of detainers in deciding prisoners' eligibility for prison programs and early release does not offend equal protection principles. *See* McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) (exclusion of prisoners with detainers from community-based treatment programs and sentence reduction eligibility does not offend equal protection); *see also, e.g.*, Borrero, *supra*. Therefore, Petitioner is not entitled to relief on his due process and equal protection challenges.

IV.  CHALLENGE TO FUTURE ICE DETENTION

Petitioner argues ICE will not be able to actually remove him to Cuba, because there is no "immigration/deportation" agreement between the United States and Cuba (doc. 4 at 3–4). He asks the court to issue an order directing Respondent to demonstrate Petitioner will be immediately removed from the United States upon his release from the FDOC (*id.* at 5). Respondent argues Petitioner's challenge to his future ICE detention is not ripe for review (doc. 9 at 7–9). Respondent contends Petitioner's removal period has not yet begun, and it will not begin until he is released from the FDOC, which is not expected until March 15, 2030 (doc. 9, at 9, Ex. 2). Therefore, the question of whether he will be removable to Cuba is premature (*id.*).

In order for the court to take jurisdiction over an action, an actual case or controversy must be present. Rizzo v. Goode, 423 U.S. 362, 372, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); O'Shea v. Littleton, 414 U.S. 488, 493–95, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974); Johnson v. Sikes, 730 F.2d 644, 647 (11th Cir. 1984). Some "threatened or actual injury" must exist as a result of the allegedly wrongful actions of the defendant. O'Shea, 414 U.S. 493 (citing Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973)). This is because "[t]here must be a personal stake in the outcome such as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." *Id.* at 494. "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *Id.* Also to be considered are "prudential considerations" which require the court

to abstain from rendering decisions that are premature or abstract or that "anticipate a question of constitutional law in advance of the necessity of deciding it." Sikes, 730 F.2d at 648–49 (quoting Ashwander v. TVA, 297 U.S. 288, 346, 56 S. Ct. 466, 80 L. Ed. 688 (1936)).

The undersigned agrees with Respondent that Petitioner's challenge to his future ICE detention is not ripe for adjudication. Section 1231(a)(1) of Title 8 of the United States Code requires the federal government to attempt to effectuate removal within a 90-day "removal period." 8 U.S.C. § 1231(a)(1). During this removal period, the government must detain the alien. 8 U.S.C. § 1231(a)(2). In cases where the alien is confined, the removal period begins the date the alien is released from confinement. See 8 U.S.C. § 1231(a)(1)(B)(iii). The government may detain an alien beyond the 90-day removal period only for a length of time reasonably necessary to bring about the alien's actual removal, which is presumptively six (6) months. See Zadvydas v. Davis, 533 U.S. 678, 694–99, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

In the instant case, Petitioner's removal period has not yet begun, and it will not begin until he is released from confinement in the FDOC. Therefore, the issue of whether he will be removable to Cuba is not yet ripe for adjudication and must be dismissed. See, e.g., Jean-Henriquez v. Dep't of Homeland Sec., No. 4:05cv304/MMP/WCS, 2006 WL 1687853, at *3 (N.D. Fla. June 15, 2006) (habeas petitioner's claim under Zadvydas was not ripe, because 90-day removal period had not yet begun) (unpublished).

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That the amended habeas petition (doc. 4) be **DENIED**.
2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 11th day of January 2012.

        /s/ *Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**